## CIRCUIT COURT OF FAIRFAX COUNTY

Norton, Trustee

v.

Fairfax County
Board of Supervisors

April 8, 1992

Case No. (Law) 111454

BY JUDGE WILLIAM G. PLUMMER

This matter came before the Court on Defendant Board of Supervisors' ("the Board") Demurrer and Plea in Bar to Petitioner Norton's ("Norton") Application for Correction of Erroneous Tax Assessment ("Application"). For the reasons that follow, the Court overrules the Board's Demurrer and Plea in Bar.

The Board demurs on several grounds. The Board suggests that Norton's Application fails to allege facts sufficient to show that the Board assessed the subject property above its fair market value, that the assessments are not uniform in their application, or that they are otherwise invalid. In addition, the Board argues that the Application does not allege facts that would demonstrate a manifest error in the Board's assessments or that the Board totally disregarded controlling evidence, but, rather, that Norton merely alleges a difference of opinion concerning the value of the property.

The Court disagrees with the Board's arguments. Accepting the facts in Norton's Application to be true for the purposes of this Demurrer, Norton has clearly sufficiently alleged that the property assessments exceed the fair market value of the property. After declaring the value at which the Board assessed the property in 1988 through 1991, Norton alleges the proper fair market value for those years, each of which falls well below the assessed value. Moreover, these constitute factual allegations, rather than mere conclusions of

law, and may serve as a basis for Norton's application for relief under Virginia Code § 58.1–3984.

Further, I find that Norton need not specifically plead that the Board's assessments constitute manifest error or that the Board totally disregarded controlling evidence when it assessed the property. Norton has unquestionably alleged that he has been aggrieved by local tax assessments, and Code § 58.1–3984 specifically allows him to apply to this Court for relief. Although Virginia case law may require Norton to prove manifest error or a total disregard of controlling evidence by the Board, *see Arlington County Board v. Ginsberg*, 228 Va. 633, 325 S.E.2d 348 (1985), such a requirement concerns his burden of proof, rather than what he must allege in his initial application for relief. Similarly, Code § 58.1–3984 provides that "[*i*]*n such proceeding* the *burden of proof* shall be upon the taxpayer to show that the property in question is valued at more than its fair market value." Va. Code Ann. § 58.1–3984 (1991) (emphasis added). Virginia law, however, does not require an applicant to bear this burden in his initial pleading. Accordingly, the Court overrules the Board's Demurrer.

The Board filed a Plea in Bar to claims concerning tax years 1988, 1989, and 1991. Norton's Application alleges that a downzoning ordinance enacted by the Board on December 11, 1989, reduced the fair market value of the property in question in 1990 and 1991. The Board counters that the ordinance was not yet in effect on January 1, 1989, and that it was struck down by this Court on October 22, 1990, and concludes that the ordinance, therefore, could not have affected the value of the property for tax years 1988, 1989 and 1991.

The Court does not discern in the Application an allegation that it was the downzoning ordinance that caused the 1988 and 1989 tax assessments to exceed the fair market value of the property in question. Although the Application alleges, in Paragraphs 4 and 5, facts which, if true, prove that the 1988 and 1989 assessments exceeded the fair market value of the property, Paragraph 3 draws a correlation between the downzoning ordinance and the value of the property in 1990 and 1991 only. Although Norton's Application does not allege why the 1988 and 1989 assessments exceeded the fair market value of the property, Code § 58.1–3984 does not appear to require one to allege causation in an application for relief.

Concerning the claim for 1991, the Court finds that the issue of whether the downzoning ordinance affected the fair market value of

the property in question is a matter of proof and cannot be resolved by the Board's Plea in Bar. I cannot conclude as a matter of law that the property value in 1991 was unaffected by the downzoning ordinance simply because this Court struck down that ordinance in October of 1990. Many factors related to the ordinance could conceivably affect property values. Certainly, the possibility of an appeal generated an issue as to the final disposition of the ordinance. Accordingly, I overrule the Board's Plea in Bar.